IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EXPRESS SCRIPTS, INC, a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 11cv06223 |
| v. | ) ) | Judge Marvin E. Aspen |
| WALGREEN CO., an Illinois Corporation | ) ) ) | Magistrate Judge Morton Denlow |
| Defendant. | ) ) | |

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, Express Scripts, Inc. ("Express Scripts"), pursuant to Fed. R. Civ. P. 65(a), respectfully requests that this Court grant its Motion for a Preliminary Injunction against Defendant Walgreen Co., ("Walgreens").

Under the terms of a Pharmacy Provider Agreement, Walgreens dispenses pharmaceuticals to individuals who participate in Prescription Drug Programs provided by Express Scripts for Medicare Part D participants, health plans, and other plan sponsors.

The Pharmacy Provider Agreement gives Walgreens access to over 60 million Express Scripts members.  In exchange for this access, Walgreens agreed to dispense pharmaceuticals to Express Scripts' members at discounted rates and agreed, among other things, that it would not attempt to disenroll any Express Scripts' member and that it would not market, promote, or prefer, any Medicare Part D Plan over another plan, including those offered by Express Scripts.    The

1

current Walgreens/Express Scripts Pharmacy Provider Agreement expires at the end of 2011.

Recognizing that its relationship with Express Scripts is ending, Walgreens has launched an aggressive campaign of false advertising and marketing designed to disenroll and steer members away from Express Scripts, disparage Express Scripts in communications with its clients and members, and to promote and prefer other Medicare Part D programs to the exclusion of those offered through Express Scripts. This is exactly what Walgreens expressly said that it would not do in its contract with Express Scripts, and Walgreens actions are in direct violation of the Pharmacy Provider Agreement. In addition to the clear breach of the Provider Agreement, the false statements in Walgreens' campaign also violate the Lanham Act (15 U.S.C. § 1125(a)(1)(B)) and are separately actionable.

Express Scripts is entitled to a preliminary injunction in this matter because it has suffered and will continue to suffer irreparable harm if Walgreens' actions and ongoing contract breaches are not enjoined, because it has no adequate remedy at law, and because it is more than likely to succeed on the merits of this case. Unless enjoined by this Court, Walgreens' ongoing breach of the Pharmacy Provider Agreement will greatly disrupt the orderly transition of tens of thousands of plan participants' prescriptions, and cause irreparable and immeasurable damage to Express Scripts and its clients. Under these circumstances, the balance of the equities strongly supports the issuance of an injunction.

In support of its Motion, Express Scripts submits its Memorandum of Law in Support of its Motion for a Preliminary Injunction.

Wherefore, the reasons set forth above, as well as in its Memorandum of Law and Verified Complaint, Express Scripts requests that this Court grant its request for a preliminary injunction, including the following specific relief:

a. Preliminary and permanent injunctive relief prohibiting Walgreens from engaging in any conduct or communications that direct or attempt to direct any members to disenroll in Express Scripts' Medicare Part D programs during the term of the Pharmacy Provider Agreement, or through January 1, 2012;

b. Preliminary and permanent injunctive relief prohibiting Walgreens from engaging in any conduct or communications that promote or prefer any Medicare Part D program over any Express Scripts' program during the term of the Pharmacy Provider Agreement, or through January 1, 2012;

c. Preliminary and permanent injunctive relief prohibiting Walgreens from engaging in any conduct or communications including, but not limited to, contacting any media or any Sponsor or Sponsor's Members or other party, designed to disparage Express Scripts, or disenroll or steer members away from Express Scripts, during the term of the Pharmacy Provider Agreement, or through January 1, 2012;

SLC-6444196-1

    d. Preliminary and permanent injunctive relief prohibiting Walgreens from stating, or making statements suggesting that, it cannot accept a valid prescription from an Express Scripts' member after December 31, 2011;

    e. any and all money damages that can be proven by Express Scripts, although such money damages will not provide Express Scripts with an adequate remedy and must be paired with injunctive relief;

    f. its reasonable attorneys' fees and costs for investigating and bringing this claim; and

    g. all other necessary and appropriate relief.

September 8, 2011                                Respectfully Submitted,

                                                           EXPRESS SCRIPTS, INC.

                                                           By:    s/James P. White
                                                                   One of Its Attorneys

James P. White
James F. Monafo (pro hac pending)
Christopher J. Valeriote (pro hac pending)
Christopher A. Smith (pro hac pending)
HUSCH BLACKWELL LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606
Phone: 312.655.1500
Fax: 312.655.1501

SLC-6444196-1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 8th day of September, 2011, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division, and was served via e-mail and U.S. Mail, postage prepaid, upon the following counsel for Defendant:

Peter B. Bensinger, Jr.
Hamilton H. Hill
Asha L.I. Spencer
Bartlit Beck Herman Palenchar & Scott LLP
54 W. Hubbard Street, Suite 300
Chicago, Illinois 60654
asha.spencer@bartlit-beck.com
hamilton.hill@bartlit-beck.com
peter.bensinger@bartlit-beck.com
Office: 312.494.4426
Office Fax: 312.494.4440

                                                          /s/ James P. White

SLC-6444196-1